UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY,<br><br>                              Plaintiff(s),<br><br>   v.<br><br>CITY PLAN DEVELOPMENT, INC. dba SAVI CONSTRUCTION, et al.,<br><br>                              Defendant(s). | Case No. 2:16-CV-903 JCM (NJK)<br><br>ORDER |

Presently before the court is case number 2:16-cv-00903-JCM-NJK, which involves a breach of contract claim. (ECF No. 8). Specifically, plaintiff Old Republic Insurance Company ("Old Republic") alleges that defendants have materially breached an indemnity agreement between the parties by refusing to indemnify plaintiff for claims against a payment bond issued in relation to a construction contract. (*Id.*). Therefore, plaintiff seeks the enforcement of its alleged rights provided by the terms of the indemnity agreement.

In light of this claim, the court finds it concerning that plaintiff also asserts in its amended complaint that "[v]enue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(a)" when the indemnity agreement contains a forum-selection clause and a choice-of-law provision that appear to be inconsistent with the instant circumstances of this case. (ECF Nos. 8 at 2, 8-1 at 5).

Forum selection clauses in contracts are "presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972)). A forum-selection clause is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 15.

**James C. Mahan**
**U.S. District Judge**

"Because a valid forum selection clause is bargained for by the parties and embodies their expectations as to where disputes will be resolved, it should be 'given controlling weight in all but the most exceptional cases.'" *In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013)).

On page four of the indemnity agreement, paragraph "ZC"—labeled "Applicable Law and Jurisdiction"—states:

> Indemnitor agrees that this Agreement shall be deemed to have been made in the State of Incorporation of the Surety.  The Surety, at its option, shall be entitled to enforce this Agreement by an action, arbitration or proceeding brought in the said State of Incorporation or in the State where Surety's principle office is located, and indemnitor agrees that in any such action, arbitration or proceeding he will be subject to the jurisdiction of any court of competent jurisdiction in the said State of Incorporation and in the State where Surety's principle office is located, and service of process may be made on Indemnitor in any matter then permitted, and that venue shall be proper and convenient in the County in which Surety's principal office may be located.  Interpretation and enforcement of this Agreement, at the Option of Surety, shall be governed by the laws of the said State of Incorporation (excluding conflict of laws principles).  For the purposes of this paragraph the principle office for the Surety shall be deemed to be located in Brookfield, Waukesha County, Wisconsin.[1]

(ECF No. 8-1 at 5).

While this contract clause indicates that plaintiff's principal office is located in Wisconsin, plaintiff asserts in its amended complaint that it is "a Pennsylvania corporation, with its principal place of business in the State of Pennsylvania." (ECF No. 8 at 1).  Therefore, not only does there appear to be a forum-selection clause in the indemnity agreement, the amended complaint may be inconsistent with that contract provision regarding the location of Old Republic's "principle office" or "principal place of business." (ECF Nos. 8 at 1, 8-1 at 5).

Plaintiff has referenced Nevada law in this case to support its arguments. (*See* ECF No. 42).  However, paragraph ZC of the indemnity agreement appears to indicate that Pennsylvania law, instead of Nevada law, may apply to the present dispute. (ECF No. 8-1 at 5).  Notably, neither

---

[1] The first page of the indemnity agreement defines "surety" to mean "as their interest may appear, any named company in Old Republic International General Insurance Group or all reinsuring surety(ies), co-surety(ies), and any surety(ies) which have been procured to execute the bonds(s), their successors or assigns." (ECF No. 8-1 at 2). "Indemnitor" is likewise defined on the first page of the indemnity agreement to mean "the Subscriber to this Agreement or addendum hereto, whether an individual, organization, partnership, corporation, unincorporated association, joint venture or other entity . . . ." (*Id.*). Moreover, defendants City Plan Development Inc. and Ernesto Savino are indicated as indemnitors on page four of the indemnity agreement. (*Id.* at  5).

**James C. Mahan**
**U.S. District Judge**

the indemnity agreement's forum-selection clause nor its choice-of-law provision contain any indication of when—or even if—the "option" of the surety to apply these terms becomes inapplicable to ongoing litigation.

Due to the existence of the forum-selection clause and the choice-of-law provision, plaintiff is therefore ordered to show cause, specifically referencing legal authority and the facts of this case: (1) why this matter should not be transferred to an applicable jurisdiction in Pennsylvania or Wisconsin; (2) which jurisdictions in Pennsylvania or Wisconsin would be proper venues for this case; and (3) which jurisdiction's laws govern this case. Plaintiff shall have fourteen days from the entry of this order to file a brief and any documentation necessary to resolve the apparent ambiguity regarding proper venue and applicable law produced by the terms of the indemnity agreement. Defendants shall have seven days thereafter to file a response. No reply shall be filed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Old Republic is ORDERED to show cause why this case should not be transferred to a proper venue in Pennsylvania or Wisconsin.

IT IS FURTHER ORDERED that plaintiff will brief the court regarding which jurisdictions in Pennsylvania or Wisconsin would be proper venues for this case.

IT IS FURTHER ORDERED that plaintiff will brief the court regarding which jurisdiction's laws apply to the present case.

IT IS FURTHER ORDERED that plaintiff shall have fourteen days from the entry of this order to file briefs and documentation necessary for responding to this court's order. Defendant shall have seven days thereafter to file a response. No reply shall be filed.

DATED October 26, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -