UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY,<br><br>                               Plaintiff(s),<br><br>    v.<br><br>CITY PLAN DEVELOPMENT, INC. dba SAVI CONSTRUCTION, et al.,<br><br>                               Defendant(s). | Case No. 2:16-CV-903 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff Old Republic Insurance Company's ("Old Republic") brief in response to this court's October 26, 2016, order to show cause regarding this case's progression in the United States District Court, District of Nevada, because a contract forum-selection clause or choice-of-law clause may apply.[1]  (ECF Nos. 60, 76).  Pursuant to that order, defendants City Plan Development, Inc., Ernesto Savino, and Cynthia Wilson filed a response to

---

[1] The applicable contract clause reads as follows:

> Indemnitor agrees that this Agreement shall be deemed to have been made in the State of Incorporation of the Surety. The Surety, at its option, shall be entitled to enforce this Agreement by an action, arbitration or proceeding brought in the said State of Incorporation or in the State where Surety's principle office is located, and indemnitor agrees that in any such action, arbitration or proceeding he will be subject to the jurisdiction of any court of competent jurisdiction in the said State of Incorporation and in the State where Surety's principle office is located, and service of process may be made on Indemnitor in any matter then permitted, and that venue shall be proper and convenient in the County in which Surety's principal office may be located. Interpretation and enforcement of this Agreement, at the Option of Surety, shall be governed by the laws of the said State of Incorporation (excluding conflict of laws principles). For the purposes of this paragraph the principle office for the Surety shall be deemed to be located in Brookfield, Waukesha County, Wisconsin.

(ECF No. 8-1 at 5).

**James C. Mahan**
**U.S. District Judge**

plaintiff's brief.[2] (ECF Nos. 60, 77). This court also considers plaintiff's motion for leave to file a second amended complaint. (ECF No. 50).

## I. Introduction

On May 2, 2016, plaintiff filed its amended complaint, alleging that defendants breached the parties' indemnity agreement because they have not compensated plaintiff for monies paid to defendants' subcontractors or suppliers made under labor and material payment bond no. 1238636. (ECF No. 8).

On October 26, 2016, this court expressed its concern about this action's forum and choice of law, in light of the terms of indemnity agreement paragraph ZC. (ECF No. 60). That clause of the contract appeared to suggest that the parties agreed to resolve disputes in a Pennsylvania or Wisconsin forum, under Pennsylvania or Wisconsin law. (ECF No. 8-1).

On December 28, 2016, plaintiff submitted its brief, first arguing that the list of eight non-exhaustive considerations mentioned in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), outweighs the presumptive validity of the forum-selection clause. (ECF No. 76). Next, Old Republic asserted that the parties have waived the forum-selection clause and choice-of-law provision. (*Id.*). Finally, plaintiff suggested that, if this court did not find those clauses to be waived, the applicable forum would be the United States District Court for the Eastern District of Wisconsin and that Pennsylvania law would apply. (*Id.*).

On January 1, 2017, defendants submitted a response to plaintiff's submission, agreeing with plaintiff that venue is proper in this court and that Nevada law should apply in the instant case. (ECF No. 77). They assert that: (1) the relevant clauses are merely permissive—not obligatory; (2) "nearly all factors used to determine if venue is proper weigh in favor of maintaining venue in the district of Nevada"; and (3) the parties have agreed to conduct suit in this district. (*Id.* at 2–3).

## II. Legal Standard

Forum selection clauses in contracts are "presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009)

---

[2] City Plan Development does business as Savi Construction, and Cynthia Wilson is also known as Cynthia Savino. (ECF No. 1).

James C. Mahan
U.S. District Judge

- 2 -

(quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17 (1972)).  A forum-selection clause is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 15.

"Because a valid forum selection clause is bargained for by the parties and embodies their expectations as to where disputes will be resolved, it should be 'given controlling weight in all but the most exceptional cases.'" *In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016) (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013)).

Moreover, a court should evaluate relevant contract language of an applicable forum-selection clause to determine whether its terms are permissive or exclusive. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77–78 (9th Cir. 1987); *see also Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989).[3]  "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).

### III.   Analysis

#### a.   Contract clauses

Defendants' discussion of the permissive construction of contract paragraph ZC is persuasive.  (ECF No. 77).  Both the forum-selection clause and the choice-of-law provision are couched in terms indicating that the clauses may be exercised at plaintiff's option. *See* (ECF No. 8-1).

First, the forum selection clause at issue relevantly reads: "The Surety, at its option, shall be entitled to enforce this Agreement by an action . . . brought in the said State of Incorporation or in the State where Surety's principle office is located . . . ." (*Id.* at 5).  Second, the choice-of-law provision states: "Interpretation and enforcement of this Agreement, at the Option of Surety, shall

---

[3]  In *Docksider*, the Ninth Circuit affirmed the district court's dismissal of the case for violation of a contract's forum selection clause constructed with imperative terms:

> This agreement shall be deemed to be a contract made under the laws of the State of Virginia, United States of America, and for all purposes shall be interpreted in its entirety in accordance with the laws of said State. Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia."

875 F.2d at 763.  Although not at issue in *Docksider*, that contract's choice-of-law provision, unlike here, contained similarly "mandatory" language. *See id.* at 764.

**James C. Mahan**
**U.S. District Judge**

- 3 -

be governed by the laws of the said State of Incorporation (excluding conflict of laws principles)." (*Id.*).

Therefore, Old Republic could have elected to invoke these clauses at its discretion. Plaintiff's choice to initiate the present action in this jurisdiction clearly indicates its decision to forgo the option of pursuing potential relief elsewhere, as permitted—not mandated—by the contract terms. *See Docksider, Ltd.*, 875 F.2d at 764; *see also* (ECF No. 8-1).

"Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations." *Hoffman v. Citibank (S. Dakota), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008). The terms of the choice-of-law provision in paragraph ZC illustrate its permissive nature; thus, this court finds that the parties may seek to apply Nevada law in the instant case. *See Docksider, Ltd.*, 875 F.2d at 764; *see also* (ECF No. 8-1) (explicitly stating that the enforcement of the choice-of-law provision was "at the Option of Surety").

"So long as 'the parties acted in good faith and not to evade the law of the real situs of the contract,' Nevada's choice-of-law principles permit parties 'within broad limits to choose the law that will determine the validity and effect of their contract.'" *Progressive Gulf Ins. Co. v. Faehnrich*, 327 P.3d 1061, 1064 (Nev. 2014) (quoting *Ferdie Sievers & Lake Tahoe Land Co. v. Diversified Mortgage Investors*, 603 P.2d 270, 273 (Nev. 1979)). Furthermore, "[t]he situs fixed by the agreement, however, must have a substantial relation with the transaction, and the agreement must not be contrary to the public policy of the forum, or other interested state." *Id.* (citation and quotation marks omitted).

Here, it is clear that the parties are litigating in this district in good faith, the dispute has a substantial relation to this district, and this contract does not appear to be against Nevada public policy. The defendants have indicated that they "are located in Nevada," and the underlying transaction in this case involves a payment bond for construction done in this district. (ECF No. 77 at 7).

Accordingly, this court finds that the present venue and the application of Nevada law are both appropriate in this matter. Satisfied that there is no issue of propriety of forum or applicable law, this court now turns to plaintiff's motion for leave to file a second amended complaint.

      b. *Second amended complaint*

On August 19, 2016, plaintiff filed a motion for leave to file a second amended complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1, "to add a claim for

**James C. Mahan**
**U.S. District Judge**

- 4 -

declaratory relief against Defendants Ernesto Savino . . . and City Plan Development." (ECF No. 50 at 1).

Federal Rule of Civil Procedure 15(a)(2) states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Moreover, "[a] district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Indeed, "this determination should be performed with all inferences in favor of granting the motion." *Id.* "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend]." *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973).

The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–575 (1958). Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."

Notably, defendants did not file a response to this motion. *See* (ECF No. 54). Therefore, they have effectively consented to plaintiff's request. *See* LR 7-2(d). Having reviewed the second amended complaint, the court finds that it: (1) is not filed in bad faith; (2) is not obviously futile; (3) is not the product of undue delay; and (4) will not overly prejudice defendants. *See Griggs*, 170 F.3d at 880. Thus, plaintiff's motion will be granted.

### IV.    Conclusion

This court finds that the contract language at issue is permissive; therefore, the present venue is appropriate, and Nevada law governs this dispute. Plaintiff's motion for leave to file a second amended complaint will be granted in the interest of justice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this action's present venue is appropriate, and Nevada law shall apply to the issues in this case.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a second amended complaint (ECF No. 50) be, and the same hereby is, GRANTED. Plaintiff shall have 7 days from the date of this order to file that complaint.

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 21), be and the same hereby is, DENIED as moot.

DATED February 7, 2017.

                                                         _____
                                                         UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**