**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OLD REPUBLIC INSURANCE COMPANY,

    Plaintiff(s),

vs.

CITY PLAN DEVELOPMENT, INC., et al.,

    Defendant(s).

Case No. 2:16-cv-00903-JCM-NJK

ORDER

(Docket No. 131)

Pending before the Court is Plaintiff's motion to seal its motion for attorneys' fees and costs and accompanying affidavit of Dennis McDonnell. Docket No. 131. The Court hereby **DENIES** without prejudice Plaintiff's motion to seal.

**I.     STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding

the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret"). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Lastly, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of*

*Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II. ANALYSIS

Plaintiff's motion to seal is defective in several respects. First, the motion to seal itself was improperly filed under seal. A motion to seal should be filed publicly, and the material for which sealing is sought should be filed separately under seal pending resolution of the motion to seal. *See* Local Rule IA 10-5(a). Second, the motion does not address the applicable standards, or explain how they have been met.[1] Third, Plaintiff has failed to state whether the documents it requests to be sealed could be redacted, and if so, which portions. Plaintiff submits that the documents it requests to be sealed "include discussion concerning the terms of the parties' settlement," yet does not indicate where, within the 17 pages of its motion for attorneys' fees and costs or the 10 pages of Dennis McDonnell's accompanying affidavit, these discussions or terms are located. Docket No. 131 at 2.

## III. CONCLUSION

In light of the above, Plaintiff's motion to seal its motion for attorneys' fees and costs and accompanying affidavit of Dennis McDonnell is **DENIED** without prejudice. Docket No. 131. Given that the motion attaches the subject document for which sealing is sought, the Clerk's Office is **INSTRUCTED** to continue to maintain Docket No. 131 under seal for the time being. Plaintiff may file a renewed motion, in accordance with LR IA 10-5 and addressing the proper standards, no later than November 8, 2017. In the event Plaintiff fails to comply with this order, the Court may order the documents at Docket No. 131 unsealed.

IT IS SO ORDERED.

DATED: November 2, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Although the Court's settlement process is confidential (Local Rule 16-5), and "one of the material terms of the parties' settlement was that the terms of the settlement would remain confidential," (Docket No. 131 at 2) the parties must nonetheless include points and authorities in their motion requesting documents containing settlement terms to be sealed, or otherwise risk consenting to the denial of the motion to seal. Local Rule 7-2(d).