UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, | Case No. 2:16-CV-903 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| CITY PLAN DEVELOPMENT, INC. dba SAVI CONSTRUCTION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Old Republic Insurance Company's motion for sanctions. (ECF No. 92). Defendants City Plan Development, Inc., Ernesto Savino and Cynthia Wilson (collectively, "defendants") filed a response (ECF No. 95), to which plaintiff replied (ECF No. 96).

Also before the court is plaintiff's motion for attorney's fees. (ECF No. 143). Defendants filed a response (ECF No. 145), to which plaintiff replied (ECF No. 146).

Also before the court is defendants' motion for attorney's fees. (ECF No. 130). Plaintiff filed a response (ECF No. 137), to which defendants replied (ECF No. 144).

Also before the court is defendants' motion for leave to file a surreply. (ECF No. 147). Plaintiff filed a response (ECF No. 148), to which defendants replied (ECF No. 149).

Also before the court is an unopposed motion to continue calendar call. (ECF No. 113).

**I.      Facts**

Defendant City Plan Development, Inc. (d/b/a Savi Construction) is a construction contractor that is licensed and operates in the state of Nevada. Defendant entered into a contract with Clark County to serve as general contractor on a public works project to construct a fire

station. In connection with the project, plaintiff entered into a general agreement of indemnity[1] ("GAI") with defendant and issued a labor and material payment bond on behalf of defendant as principal and contractor in the sum of $4,196,500.

The GAI contains an indemnification provision that reads as follows:

> **Indemnification** - The Indemnitor shall continually indemnify and save the Surety harmless from and against every claim, demand, liability loss, cost and expense which the Surety may pay, sustain or incur in consequence of having executed or procured the execution of bond(s), or the failure of the Indemnitor, to perform or comply with the covenants and conditions of this Agreement to enforce the right of the Surety to any collateral taken specifically or otherwise, to enforce any and/or all obligations of the Indemnitor under this Agreement, or to defend any action(s) against the Surety arising out of the execution of any bond(s) on behalf of the Principal of the Surety's exercise of any rights under this Agreement.

(ECF No. 143-2 at 4).

The GAI also contains a settlement provision, granting the surety discretion to settle and compromise bond claims:

> The Surety shall have the exclusive right for itself, the Principal and the other Indemnitors to determine whether any claim, demand, suit or judgment brought against the Principal and/or Surety upon bond executed by the Surety shall on the basis of liability, expediency or otherwise, be paid, settled, defended or appealed and its determination shall be conclusive upon the Principal and/or Indemnitor. Payment shall be made by the Indemnitor to the Surety for 1. all loss, cost and expenses as soon as the Surety becomes liable there for whether actually paid by the Surety in whole, any part thereof, or not, and; 2. Interest on any payments made by Surety referred to in 1. above from the date of payment by Surety until Surety is reimbursed by Indemnitor. The Indemnitor agrees to accept the voucher or other evidence of such payment as prima facie evidence of the propriety thereof, and of the Indemnitor's liability therefore to the Surety.

(ECF No. 143-2 at 4).

During the course of the project, plaintiff received claims against the payment bond from subcontractors and suppliers, alleging non-payment by defendant. (ECF No. 143). Plaintiff retained counsel (Jennings, Strouss & Salmon, PLC) in order to investigate the claims and fulfill plaintiff's bond obligations. *Id.*

---

[1] The parties' briefs oscillate between referring to the agreement as a general agreement of indemnity and a general indemnity agreement. *Compare* (ECF No. 137 at 3) ("general agreement of indemnity"), *with* (ECF No. 143 at 4) ("General Indemnity Agreement"). This appears to be a distinction without a difference. This order will refer to the agreement as a general agreement of indemnity so as to correspond with the parties' preferred acronym of "GAI."

Plaintiff requested a subcontractor payables list. *Id.* On October 18, 2016, defendant provided plaintiff with a list detailing subcontractor payables for the project. *Id.* The list showed how much defendant owed each subcontractor that defendant believed had a valid claim for payment. *Id.* On November 4, 2016, defendant provided plaintiff with a document entitled "Fire Station #16 Liabilities," dated October 25, 2016. *Id.* The document detailed Savi Construction's subcontractor liabilities for the contract. *Id.*

During this time, the parties were engaged in settlement negotiations. *Id.* After receiving the "Fire Station #16 Liabilities" list, plaintiff alleges that it received payment demands from parties not on the list, and from a party on the list for an amount in excess of the amount listed. *Id.* Thereafter, settlement negotiations broke down. *Id.* The parties were later instructed to participate in a mandatory settlement conference in front of Magistrate Judge Koppe. *Id.* Plaintiff alleges that on the eve of the settlement conference, it received a payment bond claim for $120,369, which was not contained in the previously mentioned subcontractor payables lists. *Id.*

Plaintiff contends that it paid payment bond claims filed by subcontractors of Savi Construction and incurred bond losses totaling $272,819.03. *Id.*

On May 4, 2017, the parties reached a binding settlement agreement. (ECF No. 106). The agreement created a system whereby bonded contract funds held by Clark County would be distributed to plaintiff, defendant City Plan and the subcontractors on the contract. (ECF No. 143). Plaintiff reserved its indemnification claim against defendants which seeks to recover expenses (including attorney's fees and costs) resulting from claims made against the payment bond and plaintiff's enforcement of its rights under the GAI and the resulting litigation. (ECF No. 143).

## II. Legal Standard

### a. Motion for sanctions

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)). The purpose of Rule 11 is to deter baseless filings and litigation abuses. *See Smith & Green Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Tr.*, 244 F. Supp. 2d 1098, 1103 (D. Nev. 2003). Further, Rule 11

addresses two separate problems: "first, the problem of frivolous filings; and second, the problem of misusing judicial procedures as a weapon for personal or economic harassment." *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988).

"An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]'" *Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)). "A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 35 (1991); *Avendano v. Sec. Consultants Grp.*, 302 F.R.D. 588, 591 (D. Nev. 2014).

> Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually "baseless" from an objective perspective, and (2) if the attorney has conducted "a reasonable and competent inquiry" before signing and filing it.

*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

    b. *Motion for attorney's fees*

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a motion for attorney's fees if it: (1) is filed within 14 days after judgment is entered; (2) identifies the legal basis for the award; and (3) indicates the amount requested or an estimate thereof. Moreover, "[a] federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). A Nevada trial court "may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1028 (Nev. 2006).

In *Brunzell*, the Nevada Supreme Court articulated four factors for a court to apply when assessing requests for attorney's fees:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the

skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d at 33. The trial court may exercise its discretion when determining the value of legal services in a case. *Id.* at 33–34.

Additionally, a trial court applying Nevada law must utilize *Bruzell* to assess the merits of a request for attorney's fees, yet that court is not required to make findings on each factor. *Logan v. Abe*, 350 P.3d 1139, 1143 (Nev. 2015). "Instead, the district court need only demonstrate that it considered the required factors, and the award must be supported by substantial evidence." *Id.* (citing *Uniroyal Goodrich Tire Co. v. Mercer*, 890 P.2d 785, 789 (Nev. 1995), *superseded by statute on other grounds as discussed in RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29 n.20 (Nev. 2005)).

c. *Motion for leave to file a surreply*

Local Rule LR 7-2 provides that surreplies "are not permitted without leave of court[.]" LR 7-2(b). "[M]otions for leave to file a surreply are discouraged." *Id.* Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . . ." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (citing *Avery v. Barsky*, No. 3:12-cv-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013)); *see also Trustees of the Constr. Indus. And Laborers Health & Welfare Tr. v. Pro-Cut LLC*, No. 2:12-cv-00205-GMN-VCF, 2016 WL 1688001, at *1 n.1 (D. Nev. 2016) ("[S]ur-replies 'are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter.'" (quoting *Lacher v. W.*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001), *reconsideration denied sub nom.*,)). Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed. *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. 2010) (collecting cases).

**III. Discussion**

a. *Motion for sanctions*

Plaintiff's motion for sanctions requests that this court "(1) overrule [defendant's] Objection and deny its request for sanctions; and (2) grant [plaintiff's] Counter Motion for

Sanctions against Defendants and enter an order precluding Defendants from offering evidence of their damages at trial and ordering Defendants to pay Old Republic's reasonable attorneys' fees and costs associated with the filing of this Response and Counter Motion." (ECF No. 92). Given that the parties have settled the case on the merits and have filed competing motions for attorney's fees (which the court addresses later in this order), plaintiff's motion for sanctions is moot. Accordingly, the court will deny plaintiff's motion for sanctions.

    b. *Plaintiff's motion for attorney's fees*

Plaintiff filed a motion for attorney's fees, arguing that the general agreement of indemnity ("GAI") between the parties mandates the requested award. (ECF No. 143). Defendant responds that plaintiff failed to comply with Local Rule 54-14, and this alone is sufficient to deny plaintiff's motion. (ECF No. 145). Defendant further argues that plaintiff incurred attorney's fees unreasonably and in bad faith, and the court should deny plaintiff's requested award. *Id.*

    i. *Whether plaintiff had to comply with Local Rule 54-14*

Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees. Section (d)(2) of Rule 54 reads:

> (2) Attorney's Fees.
> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

Plaintiff argues that because it requests attorney's fees as an element of damages under the GAI, its motion is more akin to a motion for summary judgment, and it did not have to comply with Local Rule 54-14 when requesting attorney's fees. (ECF No. 146).

The court agrees. Plaintiff's requested attorney's fees are contractually required payments under the GAI, and defendant's failure to reimburse plaintiff for the same constitutes a breach of contract, upon which plaintiff is entitled to damages. *See* (ECF No. 143-2). In other words, the contract governs the requested fees, and not the Federal Rules or the common law regarding attorney's fees. Therefore, plaintiff was not required to comply with Local Rule 54-14 when requesting attorney's fees.

. . .

####### ii. Attorney's fees under the GAI

"[T]he purpose of the GIA [is] to hold the surety harmless for all expenses consequential to the issuance of the bond." *Transamerica Premier Ins. Co. v. Nelson*, 110 Nev. 951, 956, 878 P.2d 314, 317 (1994). The *Transamerica* court held: "in the case of a surety sued on a bond, the surety generally has no culpability whatsoever, and the entirety of its obligation arises from its undertaking on behalf of the indemnitor and principal obligor. Therefore, the GIA entitles the surety to full recovery. . . ." *Id.*; *see also Insurance Co. of the West v. Gibson Tile Co., Inc.*, 122 Nev. 455, 134 P.3d 698 (2006) (surety has the right to pursue its indemnification claims under the plain terms of a general indemnity agreement).

Here, the parties executed a GAI containing the indemnification and settlement provisions discussed above. *See* (ECF No. 143-2). Therefore, plaintiff is entitled to indemnification for costs related to plaintiff's enforcement of its rights under the GAI. *Cf. Transamerica*, 110 Nev. at 953 ("We reverse and remand to the district court with instructions to enter summary judgment for Transamerica for the full amount of attorney's fees and costs incurred in good faith by Transamerica in defending the action on the bond, *and in seeking to enforce the GIA*.") (emphasis added).

####### iii. The prima facie evidence clause

*Prima facie* evidence clauses govern the propriety of liabilities under an indemnity agreement. When this clause is included in an indemnity agreement, a surety's provision of a voucher or other evidence of payment constitutes *prima facie* evidence of the propriety of such payment and of the indemnitor's liability to the surety for such amount.

Here, the GAI contains a *prima facie* evidence clause, and therefore evidence of payments made for attorney's fees resulting from the bond obligation constitutes *prima facie* proof that defendants are liable to plaintiff under the GAI.

Plaintiff's evidence to support its requested award comes in the form of an affidavit by Dennis McDonnell (Vice President of Claims at Old Republic Insurance Company), photocopies of checks issued by plaintiff to its attorneys, and a tabulation of interest (as provided for by the GAI). (ECF No. 143). The check payments total $184,200.54, which corresponds to the figure

provided in the McDonnell affidavit referencing attorney's fees paid to Jennings, Strouss & Salmon PLC through October 23, 2017, as a result of plaintiff's bond obligations. *See* (ECF Nos. 143-1 and 143-2). The tabulated interest through October 23, 2017, totals $7,918.08, providing for a grand total of $192,118.62. (ECF No. 143-2). Pursuant to the *prima facie* evidence clause, such evidence constitutes rebuttable proof that the expenses were incurred in good faith.

Defendants do not address the impact of the *prima facie* evidence clause on the parties' competing motions, and instead argue that plaintiff's conduct demonstrates bad faith and negligence, which are not compensable under the GAI. Defendants have not met their burden of establishing that such expenses were not incurred in good faith. Defendants argue that plaintiff unnecessarily drove up investigation and litigation costs by (1) investigating claims falling outside of the statute of limitations; (2) refusing to settle in good faith and using "minor" claims to forestall negotiations; (3) filing frivolous and unnecessary motions; and (4) by engaging in lengthy and unnecessary communications with defendants. (ECF No. 145).

Defendants argue that some of the subcontractor payment bond claims were meritless, and as such defendants should not be responsible for attorney's fees incurred by plaintiff for investigation of those claims. *Id.* However, the GAI does not limit plaintiff's indemnity rights to cases where defendant is liable on the bonds. (ECF No. 143-2). Instead, defendant must indemnify plaintiff for all expenses related to claims which represent potential liability. *Id.* And although the statute of limitations is a potential defense to liability on the bond requests, the court holds that plaintiff's investigations were reasonable in light of the limited information obtained from defendants regarding disputed claims. Instead of choosing to dismiss the claims as unsubstantiated and exposing itself to potential liability, plaintiff investigated the claims to ensure it was complying with its obligations under the bond. This was a reasonable practice, and did not rise to the level of bad faith.

Further, plaintiff's litigation conduct does not demonstrate frivolity or excessive motions practice. Both sides in this case have engaged in a lengthy and combative dispute. This court holds that plaintiff's litigation tactics do not fall in the realm of excessive or dilatory, and do not demonstrate bad faith.

As plaintiff has presented *prima facie* evidence of attorney's fees incurred as a result of its bond obligations, the GAI requires defendants to indemnify plaintiff for such costs, and defendants have not shown that plaintiff incurred these costs in bad faith, the court will grant plaintiff's motion for attorney's fees.

*c. Defendant's motion for attorney's fees*

Defendants argue that they should be awarded attorney's fees due to alleged bad faith, vexatious, wanton, and oppressive conduct by plaintiff both before and during the course of litigation. (ECF No. 130). Plaintiff responds that its conduct was in attempt to satisfy its labor and material payment bond obligations, and that any excess expenses incurred were due to defendants' misleading and dilatory conduct that prevented plaintiff from assessing its bond liabilities prior to and during the course of litigation. (ECF No. 137).

"The general rule is against the allowance of counsel fees as taxable costs." *Gen. el. Co. of N.W., Inc. v. Int'l Broth. Of Elec. Workers, AFL-CIO, Local 89*, 554 F.3d 985, 987 (9th Cir. 1977)' *see Nat. Resources Def. Council, Inc. v. E.P.A.*, 484 F.2d 1331, 1332 (1st Cir. 1973) ("Traditionally, a prevailing party has received costs but not attorneys' fees.").

In Nevada, courts may award attorney's fees pursuant to Nevada Revised Statute 18.010, "[w]ithout regard to the recovery sought, when the court finds the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party." "Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Assn. of Flight Attendants v. Horizon Air Indus.*, 976 F.2d 541, 549-50 (9th Cir. 1992) (quoting *Hall v. Cole*, 412 U.S. 1, 15 (1973)).

Here, for the same reasons discussed with regard to plaintiff's motion for attorney's fees, defendants have not demonstrated that plaintiff's pre-litigation or litigation conduct was vexatious, wanton, or oppressive. Further, as the parties reached a settlement whereby defendants acknowledged liability under the GAI, the defendants are not the prevailing party in the action, which would make an award of attorney's fees in favor of defendants particularly unusual. In sum, defendants' motion does not demonstrate that they are entitled to attorney's fees.

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

*d. Other outstanding motions*

Defendants filed a motion for leave to file a surreply. (ECF No. 147). Defendants argue that they should be granted leave to file a surreply to correct factual misstatements made by plaintiff in plaintiff's reply in support of its motion for attorney's fees. *Id.* As plaintiff's response notes, plaintiff's arguments made in its reply brief are not new matters. (ECF No. 148). Further, in ruling on plaintiff's motion for attorney's fees, the court did not assume that plaintiff was entitled to attorney's fees, thereby alleviating defendants' concerns in that regard. Therefore, the court will deny defendants' motion for leave to file a surreply.

The parties filed a motion to continue calendar call. (ECF No. 113). On October 30, 2017, plaintiff filed a motion to vacate the order regarding trial. (ECF No. 129). On November 1, 2017, the court granted plaintiff's motion to vacate the order regarding trial, thereby vacating the November 13, 2017 trial date. (ECF No. 133). Accordingly, the court will deny the parties' joint motion to continue calendar call as moot.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for sanctions (ECF No. 92) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant's motion for attorney's fees (ECF No. 130) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for attorney's fees (ECF No. 143) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion for leave to file a surreply (ECF No. 147) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the parties' unopposed motion to continue calendar call (ECF No. 113) be, and the same hereby is, DENIED as moot.

. . .

. . .

. . .

IT IS FURTHER ORDERED that plaintiff shall prepare an appropriate judgment and submit it to the court forthwith for signature.

DATED January 3, 2018.

_____
UNITED STATES DISTRICT JUDGE